WENDY OLSON
United States Attorney

MICHAEL P. HATZIMICHALIS
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 683
Ben Franklin Station
Washington, D.C. 20044
Tel: (202) 353-1844
Fax: (202) 307-0054
Michael.P.Hatzimichalis@usdoj.gov
Attorneys for the United States of America

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF IDAHO

United States of America,

Petitioner,

v.

Bank of the Cascades,

Respondent.

**Case No.**

**PETITION TO ENFORCE INTERNAL REVENUE SERVICE SUMMONS**

The United States of America, by and through its undersigned counsel, hereby petitions this Court for an order to enforce the December 2, 2008 Internal Revenue Service ("IRS") Summons served upon Respondent Bank of the Cascades ("Cascades"):

1. Jurisdiction over this matter is conferred upon this Court pursuant to 26 U.S.C. §§ 7402(b) and 7604(a) and 28 U.S.C. §§ 1340 and 1345.

2. Venue over this matter is proper in the District of Idaho because Cascades has a branch office that is located in Meridian, Idaho and resides within the boundaries of this judicial district.

3. Although this Court already has recognized that the summons is valid by denying a petition to quash the same IRS administrative summons at issue here filed by MarCon Inc.

("MarCon") and CEO Elaine Martin ("Martin"), they have now threatened Cascades with legal action if it complies with the December 2008 summons without an order expressly enforcing the summons. Despite the fact that this Court has already ruled that the summons at issue in this proceeding—an IRS summons issued to Cascades in December 2008—is valid in Marcon, Inc. v. United States, MC08-6562-S-EJL (D. Idaho 2008) ("MarCon I"), MarCon and Martin persist in their efforts to obstruct the Government's access to information the Court has ruled that it is entitled to examine.

4. The instant proceeding is directly related to a summons compliance matter presided over by District Judge Edward J. Lodge. In Marcon I, MarCon and Martin filed a petition to quash a December 2008 IRS summons directed to Cascades. (Id. at Dkt. No. 1.) In response, the United States submitted a motion to summarily deny the petition together with the Declaration of IRS Revenue Agent Charlie W. Becker. (Id. at Dkt. Nos. 12-13.) A true and correct copy of the declaration of Agent Becker is attached hereto as **Exhibit A**.

5. Agent Becker's Declaration demonstrated that the factors identified by the Supreme Court in Powell v. United States, 379 U.S. 48 (1964) had been satisfied. (See Exhibit A.) Agent Becker's Declaration also established that (A) the IRS issued a summons to Cascades in July 2008, seeking a listing of all accounts held there by MarCon, and (B) in December 2008, after the existence of a direct deposit account held by MarCon was confirmed, the IRS issued a summons to Cascades seeking substantive records pertaining to that account.

6. On November 19, 2009, Magistrate Judge Bush issued a Report and Recommendation, recommending that the petition be denied. Magistrate Judge Bush found that the July 2008 summons was issued in good faith, lacking any "hidden, irrelevant, or bad faith purpose." (R&R at p. 7.) Magistrate Judge Bush also found that the December 2008 summons was similarly issued in good faith and that "there is nothing more than conjecture to support [the] allegation" that the December 2008 summons was issued in furtherance of a criminal prosecution. (See R&R at pgs. 8-13.) A true and correct copy of Magistrate Judge Bush's Report and Recommendation is attached hereto as **Exhibit B**.

7. On April 27, 2010, District Judge Lodge fully adopted Magistrate Judge Bush's Report and Recommendation. More specifically, the Court in MarCon I found that the December 2008 summons was valid pursuant to Powell v. United States, 379 U.S. 48, 57-58, (1964). District Judge Lodge stated: "This Court is not interested in fishing expeditions or speculation on the part of [MarCon and Martin.]" (Order at p. 6.) A true and correct copy of District Judge Lodge's Order is attached hereto as **Exhibit C**. The Court entered judgment in favor of the United States (dkt. no. 23), and MarCon and Martin are currently appealing the judgment. (Dkt. No. 27.)

8. Just two days after the Court's entry of judgment in MarCon I against them, MarCon and Martin sent a letter to Cascades, threatening to sue it should it comply with the December 2008 summons. A true and correct copy of MarCon's and Martin's April 29, 2010 letter is attached hereto as **Exhibit D**. More specifically, MarCon and Martin threatened to bring some type of an unlawful disclosure action against Cascades should it provide the summoned information to the United States.

9. On or about May 3, 2010, the IRS and Cascades agreed that Cascades would nevertheless produce the summoned information on May 17, 2010 because Cascades was still in the process of compiling the responsive information. On May 10, 2010, MarCon and Martin reiterated their legal threats against Cascades. A true and correct copy of MarCon's and Martin's May 10, 2010 e-mail to Cascades is attached hereto as **Exhibit E**.

10. MarCon and Martin subsequently filed a motion for a stay of the Court's judgment. As a result, the United States requested that Cascades (A) not produce the summoned information to the Government pending the adjudication of the stay litigation, and (B) Cascades set the summoned information aside pending the adjudication of the stay litigation. A true and correct copy of the May 11, 2010 e-mail correspondence between the United States and Cascades is attached hereto as **Exhibit F**. On July 14, 2010, MarCon's and Martin's motion for a stay of the Court's judgment was denied. A true and correct copy of District Judge Lodge's July 14, 2010 Order is attached hereto as **Exhibit G**. On July 28, 2010, the Ninth Circuit Court of Appeals also denied MarCon's and Martin's request for an emergency stay. A true a correct copy of the Ninth Circuit's Order is attached hereto as **Exhibit H**.

11. Thereafter, the United States sought production of the summoned information from Cascades. Again, MarCon and Martin threatened legal action against Cascades. A true and correct copy of MarCon's and Martin's July 28, 2010 correspondence to Cascades is attached hereto as **Exhibit I**.

12. In order to obtain enforcement of a summons, the IRS must establish that the summons: (1) is issued for a legitimate purpose; (2) seeks information relevant to that purpose; (3) seeks information that is not already within the IRS's possession; and (4) satisfies all administrative steps required by the United States Code. United States v. Powell, 379 U.S. 48, 57-58, (1964). The liberal standard of relevance for a good faith summons allows the IRS to "examine any books, papers, records, or other data which may be relevant or material to such inquiry." 26 U.S.C. §7602(1)(a). The Government's burden under Powell "is 'a slight one' and typically is satisfied by the introduction of a sworn declaration of the revenue agent who issued the summons that the Powell requirements have been met." Fortney v. United States, 59 F.3d 117, 120 (9th Cir.1995) (citing United States v. Dynavac, Inc., 6 F.3d 1407, 1414 (9th Cir.1993); United States v. Gilleran, 992 F.2d 232, 233 (9th Cir.1993)). If "the information sought by an IRS summons might throw light upon the correctness of the taxpayer's return, then it is deemed relevant." David H. Tedder & Assocs., Inc. v. United States, 77 F.3d 1166, 1169 (9th Cir. 1996).

13. Here, the Powell requirements with respect to the December 2008 summons have already been satisfied as determined by District Judge Lodge's April 27, 2010 Order and the Judgment in favor of the United States.

WHEREFORE, Petitioner the United States of America respectfully prays as follows:

A. That this Court enter an order directing Cascades to show cause in writing, if any, why Cascades should not comply with and obey the IRS summons;

B. That this Court enter an order directing Cascades to fully obey the aforementioned summons and each requirement thereof as enumerated in the Declaration of Revenue Agent Charlie W. Becker, by ordering the production required and called for by the terms of the IRS summons; and

C. That the Court grant such other and further relief as it deems is just and proper.

Respectfully submitted this 5th day of October, 2010.

WENDY OLSON
United States Attorney

/s/Michael P. Hatzimichalis
MICHAEL P. HATZIMICHALIS
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 683
Ben Franklin Station
Washington, D.C. 20044-0683
Telephone: (202) 353-1844
Fax: (202) 307-0054