# EXHIBIT D

# WOOLSTON & TARTER, P.C.

*Practice Limited To Tax Controversy*
*(Including Civil Tax Litigation and Criminal Tax Defense)*
*www.woolston-tarter.com*

**Arizona Office**

Building 4, Suite 1430
2400 East Arizona Biltmore Circle
Phoenix, Arizona 85016-2114
Telephone (602) 532-9199
Facsimile (602) 532-9193

*Tim A. Tarter, Esq.*

*Terence D. Woolston, Esq. (retired)*

*Special Counsel:*
*Kirk A. McCarville, P.C.*

**Idaho Office**

Suite 300
101 South Capitol Boulevard
Boise, Idaho 83702-5079
Telephone (208) 342-9300
Facsimile (602) 532-9193

April 29, 2010

<u>VIA FACSIMILE (541) 330-5070</u>

Attn:  Custodian of Records
Bank of the Cascades
P.O. Box 369
Bend, OR 97709-0369

Dear Custodian of Records:

      Re:    PETITION TO QUASH SUMMONS
              Bank of the Cascades, Attn: Custodian of Records
              In the Matter of MARCON, INC., TIN 82-0426714

      On December 19, 2008, I provided the Bank with a copy of a Petition to Quash Summons filed by Petitioners MarCon, Inc. and Elaine J. Martin with respect to an IRS Summons that was issued to you on December 2, 2008 by IRS Revenue Agent Charlie Becker.

      On April 27, 2010, the United States District Court of Idaho issued an Order denying Petitioners' Petition to Quash (copy attached).  At this time, the Petitioners anticipate filing an appeal with the Ninth Circuit Court of Appeals to reverse the District Court's Order.

      Pursuant to 26 U.S.C. § 7609(d)(2), the IRS continues to be prohibited from examining any records produced under the Summons without the consent of MarCon, Inc. and Elaine J. Martin.  They have not given such consent.

F:\WTDOCS\Martin\Correspondence\Bank of the Cascades Letter2.wpd

# WOOLSTON & TARTER, P.C.

Bank of the Cascades
Re: MarCon, Inc., TIN 82-0426714
April 29, 2010
Page 2

      Any attempt by the Bank of the Cascades to circumvent the provisions of 26 U.S.C. § 7609 may subject the Bank to liability.  See, 26 U.S.C. § 7609(i)(3).

Very truly yours,

WOOLSTON & TARTER, P.C.

Tim A. Tarter, Esq.

TAT/nan
Attachment
cc:    Mr. Westberg
       Mr. Becker
       Mr. Hatzimichalis

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | | |
|---|---|---|
| MARCON INC., et al, | ) | |
| Plaintiff, | ) | Case No. MC08-6562-S-EJL |
| vs. | ) | ORDER ADOPTING REPORT |
| | ) | AND RECOMMENDATION |
| UNITED STATES OF AMERICA, | ) | |
| Defendant. | ) | |

On November 19, 2009, United States Magistrate Ronald E. Bush issued his Order and Report and Recommendation in this matter. Docket No. 18. Pursuant to 28 U.S.C. § 636(b)(1), the parties had ten days in which to file written objections to the Report and Recommendation. Petitioners filed their objections on December 7, 2009. Docket No. 19. Respondent filed its response to the objections on December 17, 2009. Docket No. 20. On December 22, 2009, the Petitioners filed a reply to the Respondent's response. Docket No. 21. The applicable federal rules, local rules and statutes do not provide for a reply to be filed[1] and leave of the Court should have been sought in order to allow the filing of the reply. However, in the interests of justice and to avoid further delay, the Court considered the reply filed by Petitioners.

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court "may accept, reject, or modify, in whole or in part, the findings and recommendations made by the magistrate judge." Moreover, this Court "shall make a de novo determination of those portions of the report which objection is made." *Id.* In *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003), the court interpreted the requirements of 28 U.S.C. 636(b)(1)(C):

> The statute [28 U.S.C. § 636(b)(1)(C)] makes it clear that the district judge must review the magistrate judge's findings and recommendations de novo if objection is made, but not otherwise. As the *Peretz* Court instructed, "to the extent de novo review is required to satisfy Article III concerns, it need not be

---

[1]Fed. R. Civ. P. 72(b)(2); Dist. Idaho Loc. Civ. R. 72.1(b); and 28 U. S. C. § 636(b)(1).

ORDER - Page 1
1OORDERS\MARCON_RNR

exercised unless requested by the parties." *Peretz*, 501 U.S. at 939, (internal citation omitted). Neither the Constitution nor the statute requires a district judge to review, de novo, findings and recommendations that the parties themselves accept as correct. *See Ciapponi*, 77 F.3d at 1251 ("Absent an objection or request for review by the defendant, the district court was not required to engage in any more formal review of the plea proceeding."); *see also Peretz*, 501 U.S. at 937-39, 111 S.Ct. 2661 (clarifying that de novo review not required for Article III purposes unless requested by the parties) . . . .

*See also Wang v. Masaitis*, 416 F.3d 993, 1000 & n.13 (9th Cir. 2005).   Based on the

objections filed in this case, the Court has conducted a de novo review of the record pursuant

to 28 U.S.C. § 636(b).

## Background

The Court adopts and incorporates by reference the factual background as set forth

in the Report and Recommendation on pages 1-3:

> Respondent, the United States of America, through the Internal Revenue Service ("IRS"), is examining the income tax liabilities of Petitioner MarCon, Inc. ("MarCon") for the tax years 2005 and 2006. Becker Decl. ¶ 3 (Docket No. 13). IRS agent Charlie Becker is leading the examination. Agent Becker has issued five summonses to facilitate his examination; Petitioners challenge only the final summons issued on December 2, 2008 to Bank of the Cascades (the "December Summons").
>
> Petitioner Elaine Martin is president and majority shareholder of MarCon, a Subchapter S corporation in Meridian, Idaho, in the business of highway construction and reconstruction. Becker Decl. at ¶ 2; Petition, ¶ 4 (Docket No. 1).
>
> In July 2008, a confidential witness told Agent Becker that MarCon was depositing, in an account at Farmers and Merchants State Bank (now Bank of the Cascades ("Cascades")), revenues it received from certain scrap metal sales and not reporting the revenue as income. Becker Decl. at ¶ 4; Petition, ¶ 4.
>
> On July 9, 2008, the IRS issued an administrative summons ("the July Summons") to Cascades requesting "a listing of all accounts held in the name of and/or for the benefit of" MarCon during 2005. Becker Decl. ¶ 5 & Ex. 1. Petitioners allege that the IRS also simultaneously issued similar summonses to three other banks: Wells Fargo Bank, US Bank, and Idaho Independent Bank. Petition, ¶ 5 (Docket No. 1). The United States does not dispute that Petitioners received no notice of these July Summonses, but instead argues that the IRS was not required to provide notice.
>
> On December 2, 2008, Agent Becker issued a second summons to Cascades.   Becker Decl. ¶ 6.   The December Summons requested from Cascades all records of all accounts, all loans made and applied for, all credit or debit cards issued, and all "Private Banking" agreements between Cascades and MarCon or Ms. Martin, from December 1, 2003 through January 31, 2007. Petition, Ex. A.
>
> Petitioners seek to quash the December Summons, arguing that (1) the initial July Summonses were illegal and violated Petitioner's Fourth Amendment rights, (2) the IRS failed to provide notice to MarCon of the July Summonses, (3) the December Summons was based on the improper July Summonses and was thus issued in bad faith, (4) the December Summons is

overly broad, and (5) the December Summons was issued for the improper purpose of a criminal investigation. Petition, pp. 4-14; Petitioner's Response, pp. 15-16 (Docket No. 16). Petitioners also request an evidentiary hearing.
The United States seeks to summarily deny the Petition to Quash the IRS Summons. The United States maintains that the December Summons was issued in good faith and is enforceable because (1) notice was not required for the July Summons that only verified whether any account at Cascades was kept for MarCon, (2) the December Summons meets all procedural and good faith requirements, and (3) the IRS is not investigating Petitioners for criminal prosecution purposes.  Mot. to Summarily Deny Pet. to Quash, pp. 4-11 (Docket No. 12).

In the Report and Recommendation, Judge Bush recommends the petition to quash the IRS summon be dismissed.  Judge Bush determined that Petitioners were not entitled to notice of the July Summons and that the July Summons did not provide a basis for challenging the December Summons. Petitioners object to the Report and Recommendation arguing that Judge Bush failed to address or consider evidence that the IRS possessed the Cascades account information prior to issuance of the July Summons and a limited evidentiary hearing is warranted to address whether the IRS acted in bad faith. The Court will address each objection.

## Objections

Petitioners claim the IRS had information on the Cascades bank account before it issued the July Summons and therefore acted in bad faith in issuing the July Summons without informing Petitioners. If the July Summons was issued in bad faith, then Petitioners argue pursuant to the factors from *United States v. Powell*, 379 U.S. 48, 57 (1964) have not been satisfied and the December Summons should be quashed as fruit of the poisonous tree. .

The Magistrate Judge set forth the proper legal standard for evaluating if an IRS summons should be enforceable:

> Under *Powell*, IRS summonses are enforceable when the United States presents a prima facie case for enforcement and the taxpayer fails to establish an adequate defense. *Id.* at 57-58.  A case for enforcement is established upon a showing that:
> (1) the summons was issued for a legitimate purpose;
> (2) the summoned information may be relevant to that purpose;
> (3) the information sought is not already within the IRS's possession; and

> (4) the administrative steps required by the IRS for issuance and service of the summons have been followed, including providing notice to the taxpayer where required. *Id.*

Report and Recommendation at 3-4.

In examining the Declaration of IRS Revenue Agent Charlie Becker, Docket No. 13, the Court finds the Petitioners are misapplying the facts presented. Agent Becker indicates in ¶ 4:

> In July 2008, a confidential witness approached me purporting to have knowledge of Marcon's allegedly improper revenue recognition of its scrap metal sales. More specifically, the witness told me that Marcon was depositing the revenues it received from certain of its scrap metal sales into an account at Bank of the Cascades (previously doing business as "Farmers and Merchants Bank") [hereinafter referred to as "Cascades"], and not reporting those revenues as income. According to the witness, the Cascades account was held in Marcon's name, but the address associated with that account was Martin's personal address. The witness also reported that Martin had been improperly reporting Marcon's scrap sale revenues for many years. The witness – for only a very brief moment – showed me a cancelled check, and would not let me copy or keep the check. The cancelled check was from an account held at Cascades.

In reviewing this paragraph and the declaration as a whole, the Court finds the IRS agent adequately explained his need for the July Summons to confirm the existence of an alleged MarCon account at Cascades. The agent did not get a chance to review the cancelled check in detail as he was only shown the check "for a only a very brief moment." While the IRS agent had information from a confidential witness regarding the alleged existence of an account at Cascades, the record does not establish the IRS agent knew the Cascades account number based on his brief examination of a cancelled check or had other confirmation of the account from a source other than the confidential witness.

Moreover, the declaration indicates the IRS agent was not allowed to copy or keep the canceled check. An IRS agent is not acting in bad faith if such agent issues a summons regarding the "existence" of an account to corroborate the allegations of confidential witness. The method to corroborate the existence of the accounts was the July Summons and that is a reasonable and lawful use of an IRS summons as set forth by *Powell*. The Court finds the first three of *Powell* factors have been satisfied:  legitimate purpose for the summons which

ORDER - Page 4
1OORDERS\MARCON_RNR

sought relevant information that was not within the possession of the IRS. This first objection is denied.

Next, Petitioners object to the fourth *Powell* factor, claiming the IRS had a duty to notify Petitioners when it issued the July Summons and received information on the MarCon account at Cascades. The Court respectfully disagrees with Petitioners. The fourth *Powell* factor requires "the administrative steps required by the IRS for issuance and service of the summons have been followed, including providing notice to the taxpayer where required." In this case, notice to the taxpayer for the information the IRS was requesting was not required. In ¶ 5 Agent Becker states:

> On July 9, 2008, I issued a Summons to Cascades. (hereinafter, "the July Summons"). I certify that attached hereto as Exhibit 1 is a true and correct copy of the July Summons. The July Summons asked Cascades to provide a listing of all accounts held by Marcon. In response to the July Summons, Cascades informed the IRS that Marcon held a direct deposit account there. Cascades did not provide the IRS with any banking records; it only confirmed the existence of an account. I certify that attached hereto as Exhibit 2 is a true and correct copy of the only information I received from Cascades in response to the July Summons.

In reviewing the redacted Exhibit 2, the Court notes, as did Judge Bush, that Cascades did provide more than just confirmation of the existence of an account. Cascades provided a Customer Information File Inquiry report which included the name, the address, the type of account (business checking), the account number, the tax identification number, the type of deposits into the account (direct), and the balance of the account as of the date of inquiry in the amount of $18,421.85. This is clearly more information than the July Summons, Exhibit 1, requested which was limited to: "Provide a listing of all accounts held in the name of and/or for the benefit of MARCON, INC. at any time during the calendar year 2005." However, the IRS Agent's declaration confirms the IRS did not receive detailed banking records on the account as a result of the July Summons.

This Court agrees with the Magistrate Judge that based on the information specifically requested in the July Summons (confirmation of the existence of any MarCon accounts in 2005), the IRS had no duty to provide notice of the July Summons to Petitioners. Arguably, had the IRS requested in the July Summons the detailed account information Cascades

ORDER - Page 5
10ORDERS\MARCON_RNR

provided, notice would have to have been given to MarCon.  But that is not the factual situation before this Court.

Nor is the IRS agent prevented from using the additional information voluntarily provided in response to the July Summons by Cascades when determining whether the IRS would issue the December Summons.  Any complaint that the information provided exceeded the scope of the July Summons should be raised with Cascades, not the IRS Agent.

The Petitioners argue in the alternative that an evidentiary hearing should be held to examine in more detail what the IRS agent knew about the Cascades account when he issued the July Summons.  The Court declines such a request.   The motivation for the July Summons has been adequately explained in the IRS agent's declaration and there is no evidence before this Court that the IRS agent knew the Cascades account number prior to issuing the July Summons.

This Court is not interested in fishing expeditions or speculation on the part of Petitioners.  Evidentiary hearings are only appropriate in exceptional circumstances and this Court does not find that exceptional circumstances have been established by the Petitioners to justify an evidentiary hearing.  *See Stewart v. United States*, 511 F.3d 1252, 1254 (9th Cir. 1985).  Moreover, a limited hearing is only proper where the petitioners have refuted the *Powell* factors with "specific facts and evidence" of bad faith and that has not been done by Petitioners in this case.  *See Crystal v. United States*, 172 F.3d 1141, 1144 (9th Cir. 1999).  The request for an evidentiary hearing is denied.

Having found the issuance of the July Summons satisfies *Powell*, the Court need not address Petitioners' claim that the December Summons, to which the Petitioners admit they received notice of, was the fruit of the poisonous tree and should be quashed.

Order

**THEREFORE, IT IS HEREBY ORDERED** that the Report and Recommendation entered on November 19, 2009 (Docket No. 18) shall be **INCORPORATED** by reference and **ADOPTED** in its entirety.

**IT IS THEREFORE ORDERED** that Respondent's Motion to Summarily Deny the Petition to Quash IRS Summons (Docket No. 12) is GRANTED; Petitioners' Petition to Quash IRS Summons (Docket No.1) is DENIED; and the case is DISMISSED IN ITS ENTIRETY.

DATED: **April 27, 2010**

Honorable Edward J. Lodge
U. S. District Judge

# EXHIBIT E

**Hatzimichalis, Michael P. (TAX)**

| | |
|---|---|
| **From:** | Tim Tarter [TIM@woolston-tarter.com] |
| **Sent:** | Monday, May 10, 2010 2:28 AM |
| **To:** | Andrew Gerlicher |
| **Cc:** | Mike Delvin; Mike Mooney; Shirley Murschall; Larry Westberg; Hatzimichalis, Michael P. (TAX) |
| **Subject:** | Re: FW: Marcon, Inc. |
| **Attachments:** | CCA 200950044 Summons Stay Procedures.pdf; 2008-12-02 IRS Summons to Cascades Bank.pdf |

Mr. Gerlicher:

Thank you very much for your call last week and providing me with an opportunity to respond to Mr. Hatzimichalis's letter of May 3, 2010.

As we discussed, the government has neither requested nor received a court order in this proceeding that compels the bank to turn over bank records to the IRS.  I certainly agree that my client's motion to quash the subject summons was denied by the District Court.  However, what is glaringly absent from the Court's Order is any requirement that the bank now comply with the subject December 2, 2008 summons issued to the Bank (copy attached).  The summons itself required compliance by December, 31, 2008, compliance clearly mooted under 26 U.S.C. § 7609(d)(2) by this proceeding.

With respect to the Bank's liability to its customers for unlawful disclosure of their bank records to the IRS, there is no dispute between the parties that the controlling statute is found at 26 U.S.C. § 7609(i)(3).  There, federal law provides the Bank with safe harbor, **if** it relies in good faith on a "certificate of the Secretary" or "an order of a court requiring production of records … ."

Since no certificate has been issued by the Secretary, Mr. Hatzimichalis argues that the recent Order should suffice. While I appreciate Mr. Hatzimichalis's strong advocacy on behalf of the IRS, his advice is contrary to published IRS guidance on the subject.  The government did not seek, nor did the Court order, the Bank to produce the summoned bank records; for Mr. Hatzimichalis to imply otherwise puts the Bank at risk of violating federal law.  See IRS CCA 2009-50044 (Nov. 12, 2008) at pg. 25 (copy attached) ("If the petition to quash was dismissed on its merits and the Government also sought and obtained a order for the summons to be enforced, then the [Bank] may be advised that it should be protected from any liability for its testimony and production of documents on account of its good faith reliance on the court order." (Emphasis added.))

As we discussed, the taxpayers have no desire to place the bank at any risk.  Accordingly, they are filing a timely notice of appeal with the District Court on Monday, June 10th.  In addition, they are also filing a timely motion to stay production.  I encourage the Bank to exercise some restraint and not leap to comply with Mr. Hatzimichalis's arbitrary production deadline of June 10th.  Mr. H's "respectful request" for turnover by June 10th is just that; a request.  The Bank should refrain from production until actually ordered to do so.

If you have any further questions or concerns, please to not hesitate to call me.

Best regards,
Tim Tarter

Tim A. Tarter, Esq.
Woolston & Tarter P.C.
Suite 1430
2400 E. Arizona Biltmore Circle
Phoenix, AZ  85016
Tel.    602.532.9197
Fax.   602.532.9193

email: tim@woolston-tarter.com
Practice Limited to Tax Controversy

PRIVILEGED AND CONFIDENTIAL

>>> "Andrew Gerlicher" <Agerlicher@botc.com> 5/4/2010 3:51 PM >>>
Hello Mr. Tarter,
Thank you for taking my call today. My contact info is in the signature block, below.
Attached are the only communications I have received on this matter, and, as we discussed, they do not include anything that stays the District Court's Order pending your appeal to the Ninth Circuit. I understand that you are in the process of trying to negotiate a standstill agreement with the IRS in lieu of getting a stay of the Order, and if that is unsuccessful, you will file a Motion to Stay the Order pending appeal prior to May 10, 2010.
As we discussed, because the Summons remains effective, we feel compelled to produce the summoned records as directed on the due date, May 10, 2010, unless we hear from the District Court or the DOJ to the contrary before that date.
Sincerely,
Andy

ANDREW J. GERLICHER
*SVP, Corporate Counsel*
BANK OF THE CASCADES
1070 NW BOND ST., Suite 303
BEND, OREGON 97701
P: (541) 617-3147
C: (541) 647-0467
F: (541) 617-3140
E: agerlicher@botc.com
NASDAQ: CACB

NOTICE: This electronic mail message and any files transmitted with are intended exclusively for the individual or entity to which it is addressed. The message, together with any attachment, may contain confidential and/or privileged information. Any unauthorized review, use, printing, saving, copying, disclosure or distribution is strictly prohibited. If you have received this message in error, please immediately advise the sender by reply email and delete all copies.

# EXHIBIT F

## Hatzimichalis, Michael P. (TAX)

| | |
|---|---|
| **From:** | Andrew Gerlicher [Agerlicher@botc.com] |
| **Sent:** | Tuesday, May 11, 2010 11:26 AM |
| **To:** | Hatzimichalis, Michael P. (TAX) |
| **Cc:** | Shirley Murschall |
| **Subject:** | RE: Marcon Inc. v. United States of America (D. Idaho) |

Good Morning Michael,
That makes sense and is what we'll agree to do. Please do keep us advised as things progress. We would appreciate at least a few days notice when the time does come to pick up the summoned documents.
Thank you for your professional courtesies.
Andy

ANDREW J. GERLICHER
*SVP, Corporate Counsel*
BANK OF THE CASCADES
1070 NW BOND ST., Suite 303
BEND, OREGON 97701
P: (541) 617-3147
C: (541) 647-0467
F: (541) 617-3140
E: agerlicher@botc.com
NASDAQ: CACB

---

**From:** Hatzimichalis, Michael P. (TAX) [mailto:Michael.P.Hatzimichalis@usdoj.gov]
**Sent:** Tuesday, May 11, 2010 6:13 AM
**To:** Andrew Gerlicher
**Subject:** Marcon Inc. v. United States of America (D. Idaho)


Good morning, Andy.

As you likely know, Marcon and Elaine Martin have filed a Motion to Stay the Court's Judgment. We will file a response to the stay motion within the time provided by the Local Rules. We will provide you with a copy of our pleadings and notify you of the Court's disposition.

Given the stay motion, I ask that Bank of the Cascades NOT produce documents to the IRS on May 17, 2010 per our agreement. Rather, I ask that Bank of the Cascades please continue to collect but retain the summoned documents pending the outcome of the stay motion. Is that ok with you?

Thank you.

Best,

Michael

## Michael P. Hatzimichalis

**United States Department of Justice**

**Tax Division**

**555 4th Street NW**

**Washington, D.C. 20001**

**Tel: (202) 353-1844**

**Fax: (202) 307-0054**

NOTICE: This electronic mail message and any files transmitted with are intended exclusively for the individual or entity to which it is addressed. The message, together with any attachment, may contain confidential and/or privileged information. Any unauthorized review, use, printing, saving, copying, disclosure or distribution is strictly prohibited. If you have received this message in error, please immediately advise the sender by reply email and delete all copies.

# EXHIBIT G

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| MARCON INC., et al, | ) |
| Plaintiff, | ) Case No. MC08-6562-S-EJL |
| vs. | ) MEMORANDUM ORDER |
| UNITED STATES OF AMERICA, | ) |
| Defendant. | ) |

## INTRODUCTION

Pending before the Court in the above-entitled matter is Petitioners', MarCon, Inc. and Elaine J. Martin, Motion for Stay of Enforcement of IRS Summons Pending Appeals. (Dkt. No. 25.) The motion is made pursuant to Federal Rule of Civil Procedure 62(a). The matter is ripe for the Court's consideration. Having fully reviewed the record herein, the Court finds that the facts and legal arguments are adequately represented in the briefs and record. Accordingly, and in the interest of avoiding further delay, and because the Court conclusively finds that the decisional process would not be significantly aided by oral argument, this motion shall be decided on the record before this Court without oral argument.

## FACTUAL AND PROCEDURAL BACKGROUND

Respondent, the United States of America, through the Internal Revenue Service ("IRS"), is examining the income tax liabilities of Petitioner MarCon, Inc. ("MarCon") for the tax years 2005 and 2006. Petitioner Elaine J. Martin ("Martin") is the president and majority shareholder of MarCon. (Report and Recommendation at 2, Dkt. 18) On July 9, 2008, the IRS issued an administrative summons ("July Summons") to a third party, Bank of the Cascades ("Cascades"), seeking "a listing of all accounts held in the name of and/or for the benefit of" MarCon in 2005. *Id.* No notice was given to either MarCon or Martin. *Id.*

MEMORANDUM ORDER - Page 1
10ORDERS\MARCON

On December 2, 2008, the IRS issued a second summons ("December Summons") to Cascades seeking "all records of all accounts, all loans made and applied for, all credit or debit cards issued, and all "Private Banking" agreements between Cascades and MarCon or Ms. Martin, from December 1, 2003 through January 31, 2007." *Id.* Notice was given to the Petitioners.

On December 19, 2008, the Petitioners filed a Petition to Quash IRS Summons. (Dkt. 1.) The Petitioners allege that the July Summons was illegal for lack of notice, and that the December Summons, as a product of the July Summons, was illegal as well. *Id.* at 3-4. On April 27, 2010, the Court adopted the Report and Recommendation issued on November 19, 2009 (Report and Recommendation), and found that the July Summons was legal and as a result the December Summons at issue was legal as well. (Order Adopting Report and Recommendation at 6, Dkt. 22.)

On May 3, 2010, as a result of that order, the IRS issued a letter to Cascades seeking the documents at issue in the December Summons. On May 17, 2010, the Petitioners filed their notice of appeal. (Dkt. 27.) As a result of that appeal the Petitioners now move the Court for Stay of Enforcement of IRS Summons Pending Appeals. (Dkt. 25.)

## STANDARD OF REVIEW

The Ninth Circuit has treated the standard for determining whether a stay pending appeal should be granted as the same as a preliminary injunction. *Golden Gate Restaurant Ass'n v. City and County of San Francisco*, 512 F.3d 1112, 1115 (9th Cir. 2008). The Supreme Court recently clarified the standard for a preliminary injunction to require a plaintiff to show "[1] he is likely to succeed on the merits, [2] that he is likely to suffer irreparable harm in the absence of preliminary relief, [3] that the balance of equities tips in his favor, and [4] that an injunction is in the public interest." *Winter v. Natural Res. Def. Council, Inc.*, 129 S.Ct. 365, 374 (2008) (citations omitted). *Winter* overturned a Ninth Circuit case where the injunction had been issued based solely on "a "possibility" of irreparable harm." *Id.* Prior to *Winter,* the Ninth Circuit had used a

MEMORANDUM ORDER - Page 2
10ORDERS\MARCON

standard that considered the same elements listed in *Winter* on a continuum, such that a strong showing of likelihood to succeed on the merits could make up for a deficiency in showing the probability of irreparable harm. *Golden Gate Restaurant Ass'n* 512 F.3d 1115-1116 (citing *Lopez v. Heckler*, 713 F.2d 1432, 1435 (9th Cir. 1983).). It is not clear that this continuum is still viable in the wake of *Winter*. The IRS contends that the continuum has been overturned entirely while the Petitioners contend that the Supreme Court merely created a higher standard for showing irreparable harm.

The IRS cites *Dudum v. City and County of San Francisco*, 2010 WL 1532365 *11 FN 5 (N.D. Cal. April 16, 2010) and *Gonzalez v. Alliance Bancorp*, 2010 WL 1575963 *2 (N.D. Cal. April 19, 2010) for the proposition that "[t]he Supreme Court in *Winter* rejected the Ninth Circuit's "sliding scale" approach." The IRS also points to a Ninth Circuit decision which held "an injunction cannot issue merely because it is possible that there will be an irreparable injury to the plaintiff; it must be likely that there will be [...] to the extent that our cases have suggested a lesser standard, they are no longer controlling, or even viable." *Am. Trucking Ass'ns, Inc. v. City of Los Angeles*, 559 F.3d 1046, 1052 (9th Cir. 2009). It is not clear, however, that *Am. Trucking* lends support to the proposition in *Dudum*. The Ninth Circuit in that case did not discuss the balancing test, it only reiterated the holding of *Winter* that "possibility" is no longer a viable standard for evaluating the sufficiency of irreparable harm for the purposes of a preliminary injunction.

Recent cases have not been as strident as *Dudum* or *Gonzalez*. In *Jacobzen v. Katzer*, 609 F.Supp.2d 925 (N.D. Cal. 2009) the court considered a copyright case and stated the standard for a preliminary injunction as including "(1) a combination of probable success on the merits and the possibility of irreparable injury, or (2) the existence of serious questions going to the merits, where the balance of hardships tips sharply in the plaintiff's favor." *Id.* at 935 (citing *GoTo.com, Inc. v. Walt Disney Co.*, 202 F.3d 1199, 1204-05 (9th Cir. 2000). The court recognized that the "possibility" element was no longer viable after *Winter*, and that the special provisions in federal copyright law

which automatically conferred a presumption of irreparable harm on a plaintiff that could show a likelihood of success on the merits had likewise been overturned. *Id.* at 936. The court did not comment on whether the overall "sliding scale" scheme had been overturned. The most recent case from the Ninth Circuit to discuss a preliminary injunction, *Toyo Tire v. Cont. Tire* No. 10-55145 (9th Cir. June 17, 2010 from N.D. Cal.), listed the *Winter* factors but did not comment on the "sliding scale" test as the district court had failed to address the factors. (14-15).

It does appear that the *Dudum* court and the IRS overstate the reach of the *Winter* holding. As Petitioners indicate there is nothing in the *Winter* holding that addresses the continuum nature of the Ninth Circuit's test. The Court's reading of *Winter* is that it requires a heightened standard for a preliminary injunction such that there must be a minimum, likely finding of irreparable harm which a plaintiff must show; but a court could still consider the likelihood of success on the merits if, after showing likely irreparable harm, the plaintiff had still not met the burden for a preliminary injunction. Indeed, the main thrust of the *Winter* holding is an admonition to the lower courts to properly weigh the competing interests when considering a preliminary injunction. *Winter v. Natural Resource Defense Council, Inc.*, 129 S.Ct. 365, 376 (2008). Viewed in this light, the Supreme Court's rejection of the "possibility" standard for irreparable harm is an instruction to the lower courts to make sure that the harms represented by a plaintiff are concrete enough to properly weigh against other interests. As such, the Court declines to adopt the expansive reading of *Winter* in *Dudum,* but acknowledges that post-*Winter* plaintiffs have a heightened burden of showing irreparable harm.

## DISCUSSION

### 1. Likelihood of Success

In order to prevail on a motion for stay granting appeal the Petitioners must show that they have a likelihood of success on the merits. The IRS' July Summons was carried out pursuant to 26 U.S.C. § 7609(c)(2)(B) which provides an exception to the general requirement that the IRS give notice of a third party summons to the taxpayer subject to

the investigation when the summons is "issued to determine whether or not records of the business transactions or affairs of an identified person have been made." *Id.* The Supreme Court has construed the powers of the IRS broadly. This standard was articulated in *U.S. v. Powell*, 379 U.S. 48 (1964) where the Court established the minimum requirements for a valid IRS summons:

> "[the commissioner] must show that the investigation will be conducted pursuant to a legitimate purpose, that the inquiry may be relevant to the purpose, that the information sought is not already within the Commissioner's possession, and that the administrative steps required by the Code [...] and has notified the taxpayer in writing to that effect."

*Id.* at 57-58. These are the only grounds by which a taxpayer may challenge an IRS summons. The initial *Powell* requirements have been met. (Order Adopting Report and Recommendation at 4.) Petitioners contend that they have a good likelihood of success because there remains a serious legal question with regards to the interpretation of exception § 7609(c)(2)(B) and because they were denied an evidentiary hearing.

**A. Serious Legal Questions**

Petitioners contend that the "instant case presents a very unique issue of whether the IRS qualified for a very narrow exception to the general rule requiring notice to the taxpayer." (Petitioners' Motion for Stay at 3.) The Petitioners claim that the stay should be granted to allow the Ninth Circuit to provide a "decisive clarification of the governing standard." *Kerr v. U.S.*, 1985 WL 5962, *1 (D. Mont. 1985). The Court agrees with the Petitioners that there is no known authority directly interpreting § 7609(c)(2)(B). However, the lack of this authority is not sufficient to establish the required difficult legal question that would warrant a stay pending an appeal. While no court has ruled on that section specifically, the issue of whether notice is required has been addressed by many courts.

At the outset it should be noted that "a person entitled to notice is allotted no extra protection from the IRS's power to summons; rather, § 7609(b)(2) merely grants standing to the person entitled to notice so that he or she may challenge the summons in district court." *Ip v. United States*, 205 F.3d 1168 (9th Cir. 2000). The notice requirement is not

intended to create a substantive right in the taxpayer, merely to afford them an opportunity to protest abuses in the same vein as outlined in *Powell*. In order to challenge the IRS "the taxpayer must allege specific facts and evidence to support his allegations of bad faith or improper purpose." *United States v. Josey*, 131 F.3d 1325, 1328 (9th Cir. 1997) (internal quotations and citations omitted). Further, courts are admonished by the Ninth Circuit that the summons statute "must be read broadly in order to ensure that the enforcement powers of the IRS are not unduly restricted." *Liberty Fin. Servs. v. United States*, 778 F.2d 1390, 1392 (9th Cir. 1985). Against this backdrop significant latitude should be given to the IRS, even if a specific exception to the notice requirement has not been ruled on.

While courts have not interpreted part (B) of § 7609(c)(2), they have dealt with other exceptions to the requirement. The Petitioners do not challenge the legality of § 7609(c)(2)(B), they merely protest that because there is very little to no authority on it they should be entitled to a stay. When courts have examined other notice exemptions in the same statute they have generally construed them broadly. In *United States v. Boulware*, 205 Fed.Appx 170 (9th Cir. 2006) the IRS served a summons on the third party seeking to examine their tax liability. *Id.* at 171. The court interpreted § 7609(c)(2)(A) to not require a summons. *Id.* In *Tarantino v. U.S. I.R.S.*, 321 Fed.Appx 638 (9th Cir. 2009), the court found that no notice was required because the IRS had issued its summons in the aid of the collection of the taxpayer's tax liability consistent with § 7609(c)(2)(D)(i). *Id.* at 1. While there is no known authority on the specific exemption used by the IRS on this case, other courts have found that "the statute requires notice for any production of records by third-party recordkeepers, but does not require it if the summons only asks whether records have been made or kept." *United States v. MacKenzie*, 777 F.2d 811, 820 (2d Cir. 1985) (internal quotations and citations omitted). *MacKenzie* was decided before § 7609(c)(2)(B) was codified in its current form, but it mirrors the current language in the statute and uses the legislative history of the Internal Revenue Code to bolster its holding. Given this authority it seems unlikely that the Ninth

Circuit would agree with the Petitioners that the governing standard is in need of decisive clarification.

That is not to say the IRS' powers are unlimited. The Ninth Circuit in *Ip v. United States*, 205 F.3d 1168 (9th Cir. 2000) held that the IRS had stepped beyond the notice exemption currently codified in § 7609(c)(2)(D)(i-ii). In that case, the IRS had sought to summons the records of a taxpayer who bore no legal relationship with any person against whom a tax assessment had been made. *Id.* at 1169. Indeed, the only connection the taxpayer had was that her fiance was an agent of the company under investigation. *Id.* Given such a factual situation, the court held that the IRS could not simply use the "assessment of tax liability" language in        § 7609(c)(2)(D)(i) to broaden the exemption to the point no notice would be required. *Id.* at 1173. The Petitioners in this case have failed to allege facts that would create such an attenuated connection with the subject matter of the legitimate IRS investigation. The Petitioners are the company directly under investigation and the president and primary shareholder. They are exactly the kind of parties that Congress intended to be exempt from the notice requirement.

Because the Petitioners cannot demonstrate that the legal question they present is difficult or requiring clarification, they should not be granted a stay on those grounds.

**B. Evidentiary Hearing**

Petitioners contend that because they were denied an evidentiary hearing their likelihood of success on the merits has not been adequately ascertained, and therefore a stay should be granted in order to allow them to challenge the summons. (Pet'rs' Reply Br. In Supp. of Mot. to Stay Enforcement of IRS Summons Pending Appeal at 8, Dkt. 33.) As with the notice requirement, provisions of the law that permit evidentiary hearings are not intended to confer any substantive right on the taxpayer. *United States v. Kis*, 658 F.3d 526, 535 (7th Cir. 1981) ("The sole reason for the proceedings and for permitting the taxpayer to intervene under section 7609 is to ensure that the IRS has issued the summons for proper investigatory purposes under section 7602 and not for some illegitimate purpose.") The Court is instructed that "if at this stage the taxpayer

MEMORANDUM ORDER - Page 7
10ORDERS\MARCON

cannot refute the government's Prima facie [sic] *Powell* showing or cannot factually support a proper affirmative defense, the district court should dispose of the proceedings on the papers before it and without an evidentiary hearing." *United States v. Garden State Nat. Bank*, 607 F.2d 61, 71 (3rd Cir. 1979). In order to meet its heavy burden the taxpayer must put forward more than mere legal conclusions; they must allege specific facts and evidence to support their allegations. *Liberty Fin. Servs. v. United States*, 778 F.2d 1390, 1392 (9th Cir. 1985).

The Petitioners here have failed to meet that burden. The Petitioners have alleged no facts that would refute the already recognized prima facie *Powell* case the IRS has put forth. It is clear that the Supreme Court has interpreted summons enforcement to be "summary in nature." *United States v. Stuart*, 489 U.S. 353, 369 (1989). In the face of this instruction it is not sufficient for the Petitioners to allege only that they do not have the opportunity to develop their case. They must present specific facts and allegations that would show the IRS has not met the *Powell* factors. Because the Petitioners have failed to provide this evidence their likelihood of success on the merits is at best minimal.

## 2. Likelihood of Irreparable Harm

In addition to making a showing of a likelihood of success a petitioner seeking a stay pending appeal must show "that irreparable injury is *likely* in the absence of an injunction." *Winter v. Natural Res. Def. Council, Inc.*, 129 S.Ct. 365, 375 (2008) (emphasis in original) (citations omitted). As discussed earlier, the Court in *Winter* established a burden of likelihood, as opposed to possibility, for a showing of irreparable harm. The Court held that "[i]ssuing a preliminary injunction based only on a possibility of irreparable harm is inconsistent with our characterization of injunctive relief as an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to relief." *Id.* (citing *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997). In order to show irreparable harm, the Petitioners claim that any production of the documents would moot an appeal and deprive them of any remedy if their claims that the IRS summons was improper are found to be valid. (Pet'rs' Br., at 4.)

MEMORANDUM ORDER - Page 8
10ORDERS\MARCON

In order to show that compliance with an IRS order moots an appeal the Petitioners rely on *Hintze v. IRS*, 879 F.2d 121 (4th Cir. 1989) ("[C]ompliance with an IRS summons mooted the appeal of a district court order denying a taxpayer's motion to enjoin the government from enforcing a summons.") The Supreme Court, however, has definitively rejected the approach taken by Circuit Courts as in *Hintze*. In *Church of Scientology of California v. United States*, 506 U.S. 6 (1992), the Court faced a similar situation as in *Hintze* where the IRS had obtained tapes through a summons. The Court held that:

> Even though it is now too late to prevent, or to provide a fully satisfactory remedy for, the invasion of privacy that occurred when the IRS obtained the information on the tapes, a court does have power to effectuate a partial remedy by ordering the government to destroy any and all copies it may have it is possession.

*Id.* at 13. The Court recognized that there could be a remedy even if the information summonsed had been given to the IRS.

Petitioners are correct to assert that the sort of relief as envisioned in *Church of Scientology* is "partial and provisional." (Pet'rs' Reply, at 8.) It is impossible to entirely undo the invasion of privacy or the disclosure of documents. The Supreme Court's standard in *Winter* is clear, however, and given that the Petitioners have a remedy even if the documents are disclosed it is difficult for them to meet their burden under the heightened irreparable harm standard. Though the Petitioners are able to show some potential harm, it is not likely to outweigh other considerations and a judicial remedy exists to limit the impact of any harm of disclosure if Petitioner is successful on appeal.

**3. Balance of the Equities**

Petitioners claim that the IRS acted in bad faith by issuing its request for production on May 10, 2010, which was within the automatic ten day stay of enforcement after a judicial order as codified in Fed. R. Civ. 62(a) and the fourteen day stay in the Court's order. It does not appear in the record that any documents were actually surrendered to the IRS. Whether the IRS attempted to retrieve the documents before the stay ended is moot since no documents were produced. The Petitioners have suffered no harm, and have not demonstrated that the balance of the equities tips in their favor.

MEMORANDUM ORDER - Page 9
10ORDERS\MARCON

**4. The Public Interest**

The Supreme Court has long upheld the government's "need to assess and collect taxes as expeditiously as possible with a minimum of pre-enforcement judicial interference." *Bob Jones Univ. v. Simon*, 416 U.S. 725, 736 (1974). The public interest in this area is very high, and when compared with the minor harm Petitioners will suffer because of the existence of a remedy on appeal, it is clear that the government's interest outweighs the Petitioners'.

**CONCLUSION**

The Petitioners in this case have failed to show that they have a sufficient likelihood of success or irreparable injury to warrant a stay pending appeal. In addition they have failed to show that the balance of the equities tips in their favor. Because the Petitioners are unable to show a likelihood of success or irreparable injury the public interest in the expedient collection of taxes outweighs any harms claimed by the Petitioners. Since the IRS does not object, the Court will grant a temporary stay to allow Petitioners time to request a stay from the Ninth Circuit.

**ORDER**

**NOW THEREFORE IT IS HEREBY ORDERED:**

1) Petitioners' Motion for Stay of Enforcement of IRS Summons Pending Appeals (Dkt. No. 25) is **DENIED**.

2) Petitioners' Motion for a Temporary Stay for a Period of 14 Days Within Which Petitioners May File a Motion for Stay in the United States Court of Appeals for the Ninth Circuit (Dkt. No. 33) is **GRANTED**.

DATED:  **July 14, 2010**

Honorable Edward J. Lodge
U. S. District Judge

# EXHIBIT H

**FILED**

UNITED STATES COURT OF APPEALS

JUL 28 2010

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MARCON, INC. and ELAINE J. MARTIN, | No. 10-35464 |
| Petitioners - Appellants, | D.C. No. 1:08-mc-06562-EJL District of Idaho, Boise |
| v. | |
| UNITED STATES OF AMERICA, | ORDER |
| Respondent - Appellee. | |

Before:  TASHIMA and WARDLAW, Circuit Judges.

Appellants' emergency motion for stay pending appeal is denied.  *See*

*Winter v. Natural Resources Def. Council, Inc., – U.S. –*, 129 S. Ct. 365, 375-76

(2008); *Cal. Pharmacists Ass'n v. Maxwell-Jolly*, 563 F.3d 847, 849-50 (9th Cir.

2009) (order).

The briefing schedule established previously shall remain in effect.

KS/MOATT

# EXHIBIT I

## Hatzimichalis, Michael P. (TAX)

| | |
|---|---|
| **From:** | Larry Westberg [lwstbrg@cableone.net] |
| **Sent:** | Wednesday, July 28, 2010 6:18 PM |
| **To:** | 'Andrew Gerlicher'; Hatzimichalis@mailsc29.usdoj.gov; Hatzimichalis, Michael P. (TAX) |
| **Cc:** | 'Tim Tarter'; 'Shirley Murschall'; lwstbrg@cableone.net |
| **Subject:** | Re: Marcon Inc. v. United States (D. Idaho): IRS Summons Matter |
| **Attachments:** | _0728145107_001.pdf |

Andy -

Please see attached letter to you dated today.

Please contact Tim or myself if you have any questions.

Larry Westberg
208 336 5200
208 336 2121 Fax

**On Wed Jul 28 14:18 , "Hatzimichalis, Michael P. (TAX)" sent:**

Andy,

For your records, IR17;ve attached a copy of the Ninth CircuitR17;s Order denying the taxpayersR17; emergency stay motion.  At this point in time, I would respectfully request that Cascades turn over the information/documents responsive to the administrative summons.  Please let me know when Cascades will be in a position to produce the information/documents.  Thank you for your courtesies in this matter.

I have copied PetitionersR17; attorneys on this e-mail.

Best,

Michael

<>

## Michael P. Hatzimichalis

## United States Department of Justice

## Tax Division

## 555 4th Street NW

## Washington, D.C. 20001

## Tel: (202) 353-1844

## Fax:(202) 307-0054

1

Msg sent via CableONE.net MyMail - http://www.cableone.net

# WESTBERG, McCABE & COLLINS, CTD.
### ATTORNEYS & COUNSELORS AT LAW
516 WEST FRANKLIN STREET
P.O. BOX 2836
BOISE, IDAHO 83701-2836

PAUL L. WESTBERG
WILLIAM D. COLLINS
CHRISTIAN D. COLLINS

Of Counsel:
THOMAS J. McCABE

July 28, 2010

TELEPHONE
(208) 336-5200
FAX
(208) 336-2121

**VIA REGULAR MAIL AND E-MAIL TO <u>agerlicher@botc.com</u>**

Andrew J. Gerlicher
SVP, Corporate Counsel
Bank of the Cascades
1070 NW Bond Street, Suite 303
Bend, OR 97701

Re: <u>MarCon, Inc./Elaine Martin</u>

Dear Mr. Gerlicher:

Enclosed please find a copy of the July 28, 2010, Order of the Ninth Circuit denying a stay pending appeal of the Memorandum Order of Judge Lodge on July 14, 2010. I believe I sent you a copy of that Memorandum Order on July 16, 2010.

Notwithstanding the Order of the Ninth Circuit, please remember that Judge Lodge did **not** enter an Order enforcing the IRS Summons. Indeed, the government, in its filings with the Ninth Circuit agreed that the District Court (Judge Lodge) "did not enforce a summons or otherwise grant affirmative relief." I have attached Page 14 for your reference. There remains a glaring absence of any requirement that the bank now comply with the December 2, 2008, Summons. The December 31, 2008, compliance date is clearly mooted.

As Tim Tarter mentioned in his May 9, 2010, e-mail to you, the bank's safe harbor is either a court order requiring production or a certificate of the secretary. See 26 USC § 7609(i)(3). In addition, IRS CCA 2009-50044 (Nov. 12, 2008) at Page 25 (a copy attached to Mr. Tarter's e-mail to you) states that "If the petition to quash was dismissed on its merits <u>and the Government also sought and obtained an order for the summons to be enforced</u>, then the [Bank] may be advised that it should be protected from any liability for its testimony and production of documents on account of its good faith reliance on the court order." (Emphasis added.) No such order was sought or obtained.

We have no desire to place the bank at any risk. I am sure the bank agrees that it does not want to be placed at risk. Accordingly, we respectfully request that our clients' interests not be jeopardized

Andrew J. Gerlicher
SVP, Corporate Counsel
Bank of the Cascades
July 28, 2010
Page 2

by a premature disclosure to the IRS.  There must exist an appropriate court order or certificate before any further disclosure.

Thank you again for your cooperation.  Please feel free to contact Tim or myself if you have any questions.

Sincerely yours,

WESTBERG, McCABE & COLLINS, Chtd.

Paul L. Westberg

PLW/ml

Enclosures

cc Michael P. Hatzmichalis via e-mail to Michael.P.Hatzmichalis@usdoj.gov

**FILED**

UNITED STATES COURT OF APPEALS

JUL 28 2010

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MARCON, INC. and ELAINE J. MARTIN, | No. 10-35464 |
| Petitioners - Appellants, | D.C. No. 1:08-mc-06562-EJL District of Idaho, Boise |
| v. | |
| UNITED STATES OF AMERICA, | ORDER |
| Respondent - Appellee. | |

Before:  TASHIMA and WARDLAW, Circuit Judges.

Appellants' emergency motion for stay pending appeal is denied.  *See*

*Winter v. Natural Resources Def. Council, Inc.*, -- U.S. --, 129 S. Ct. 365, 375-76

(2008); *Cal. Pharmacists Ass'n v. Maxwell-Jolly*, 563 F.3d 847, 849-50 (9th Cir.

2009) (order).

The briefing schedule established previously shall remain in effect.

KS/MOATT

*Church of Scientology of California v. United States*, 506 U.S. 6 (1992). (*Id.* at 9.) It also rejected appellants' balancing of the equities and public interest arguments, because "[t]he public interest in this area is very high, and when compared with the minor harm Petitioners will suffer because of the existence of a remedy on appeal, it is clear that the government's interest outweighs the Petitioners'." (*Id.* at 9-10.)

## DISCUSSION

In their Circuit Rule 27-3 Certificate, appellants state that the District Court's order "enforc[es] an IRS summons" and, in their motion, they ask for a "stay." As a threshold matter, we note that the District Court's judgment did not enforce a summons or otherwise grant affirmative relief. Rather, it dismissed a petition to quash a summons filed by the appellants. (Doc. 23; *see also* Doc. 22 (order upon which judgment is based).) If this Court were to stay the District Court's judgment *order*, the stay would not prevent the IRS from enforcing the summons. Accordingly, when appellants ask this Court "to stay enforcement of an IRS summons pending . . . appeal" (Mot. 1), they are actually asking for an injunction pending appeal.[4] *See Nken v. Holder*, __ U.S. __, __, 129 S. Ct. 1749, 1758 (2009) (discussing

---

[4] Appellants' motion does not specifically identify which of the IRS summonses it seeks to enjoin. We assume that the motion addresses the December summons.

-14-

5734216.1